### JAMES MASON *v.* THE STATE.

1. CHARGE OF THE COURT. — In a trial for conveying into a jail articles useful to aid the escape of prisoners therefrom (Pasc. Dig., art. 1946), the court below gave in charge to the jury art. 1950, Paschal's Digest, which defines and punishes the offence of aiding prisoners to escape from an officer. *Held,* error.

2. EVIDENCE. — A State's witness having testified to a confession of the accused, and having stated that her feelings towards him were unkind, the defence asked her if she had not on that day, and at a place stated, said that the accused was a rascal, and that she wanted to see him go to the penitentiary; to which the court sustained the objection that she had already testified that her feelings were unkind towards the accused. *Held,* error; the question was legitimate to probe the *animus* of the witness, and also to lay the predicate for conflicting proof.

APPEAL from the District Court of Lampasas. Tried below before the Hon. W. A. BLACKBURN.

The opinion sufficiently states the case.

*J. C. Matthews* and *A. G. Walker,* for the appellant.

*Thomas Ball,* Assistant Attorney-General, for the State.

WHITE, P. J. The indictment in this case is inartistically drawn, but when critically analyzed is sufficient to charge the offence of aiding prisoners confined for felony to escape from jail. Obviously it was the intention of the pleader to frame the indictment so as to meet the provisions of art.

321 of the Penal Code (Pasc. Dig., art. 1946), which declares that "if any person shall convey into any jail any disguise, instrument, arms, or any other thing useful to aid any prisoner in escaping, with intent to facilitate the escape of a prisoner lawfully detained in such jail on an accusation of felony, or shall in any other manner calculated to effect the object aid in the escape of a prisoner legally confined in jail, he shall be punished by imprisonment in the penitentiary not less than two nor more than five years." Being good under this statute, the court did not err in overruling defendant's motion to quash the indictment.

When the judge came to charge the jury, however, he evidently mistook the offence set forth in the indictment; for, instead of the article (1946) above quoted, he charged the law applicable to a prosecution carried on under art. 325 of the Penal Code (Pasc. Dig., art. 1950), which does not relate to aiding prisoners to escape from jail, but provides for an entirely different substantive offence, — that of aiding prisoners to escape from an officer legally holding them in custody on an accusation for a felony. Apart from the fact that the two statutes, arts. 1946 and 1950, are for two separate and distinct offences, it is further to be noticed that the punishment is not the same. For aiding prisoners to escape from jail (art. 1946), as we have seen, the punishment is not less than two nor more than five years in the penitentiary; whilst the offence of aiding a prisoner to escape from an officer (art. 1950) is punishable by imprisonment in the penitentiary not less than two nor more than seven years.

The instruction of the court to the jury was: "And I give you in charge, as the law applicable to this case, that if any person shall wilfully aid in the escape of a prisoner from the custody of an officer by whom he is legally held in custody on an accusation of a felony, by doing any act calculated to effect that object, he shall be punished by imprisonment in the penitentiary not less than two nor

more than seven years." This charge is in the very language of art. 1950, and was not the law of the case either in the definition or punishment of the crime charged in the indictment. Of course the failure to give in charge the law applicable to the case necessitates a reversal of the judgment.

In view of a subsequent trial, we call attention to another error committed in excluding the evidence of Mrs. McFarland, as shown by the third bill of exceptions. The question asked the witness was not only pertinent as one discovering the *animus* or feeling of witness towards defendant, but was further appropriate and legitimate as establishing a predicate for the impeachment of the witness with regard to declarations made by her showing hostility to the accused. Defendant was, under the circumstances indicated, entitled to have the witness answer the question set out in the bill of exceptions.

It is unnecessary that we should notice specifically other errors complained of. Such as are errors are not likely to occur on another trial. On account of the errors discussed, the judgment is reversed, and the cause remanded for a new trial.

*Reversed and remanded.*